COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| MONICA MARIE COCKRELL, | § | No. 08-24-00096-CV |
| Appellant, | § | Appeal from the |
| v. | § | County Court |
| ROY EDWARD COCKRELL, | § | of Burnet County, Texas |
| Appellee. | § | (TC# 54094) |

## MEMORANDUM OPINION[1]

This appeal is before the Court on its own motion to determine whether the appeal should be dismissed for want of jurisdiction. Because Appellant's notice of appeal is untimely, and her filing fee is unpaid, we dismiss the appeal based on these reasons.

A party perfects a civil appeal by timely filing a notice of appeal within 30 days after a final judgment is signed. Tex. R. App. P. 26.1. A timely post-trial motion, such as a motion for new trial, extends the timeline for perfecting an appeal to 90 days after the judgment is signed. Tex. R. App. P. 26.1(a)(1). A motion for new trial is timely filed within 30 days of the date the judgment is signed. Tex. R. Civ. P. 329b(a).

---

[1] The appeal was transferred to this Court from the Third Court of Appeals pursuant to a Texas Supreme Court docket equalization order.

Appellant filed a notice of appeal on April 3, 2024, attempting to appeal the trial court's final judgment signed on January 18, 2024. Appellant did not file a docketing statement, but the docketing certificate from the trial court clerk states that no motion for new trial was filed in the cause. Therefore, Appellant's notice of appeal was due to be filed no later than February 17, 2024.

On April 25, 2024, the Clerk of this Court sent Appellant a letter indicating that it appeared that the appeal was not timely perfected. The letter gave notice of our intent to dismiss the appeal for want of jurisdiction, on or after May 19, 2024, unless grounds were shown for the Court to continue the appeal. *See* Tex. R. App. P. 42.3(a). As of this date, the deadline has now passed, and Appellant has filed no response providing grounds for the Court's appellate jurisdiction.

Additionally, prior to transferring the cause to this Court, the Third Court of Appeals sent Appellant a letter notifying her that this appeal would be subject to dismissal if she did not pay the required filing fee by April 15, 2024. On April 29, 2024, after no fee had been received, the Clerk of this Court sent Appellant a second notice informing her that this appeal would be subject to dismissal if she did not pay the required filing fee by May 20, 2024. As of this date, Appellant has not responded or paid the required filing fee.

Accordingly, we find that Appellant failed to timely perfect her appeal because she filed the notice of appeal outside of the applicable time limit, and she has not paid the filing fee or otherwise shown she is excused from paying the required fee. *See* Tex. R. App. P. 42.3(a) and (c) (authorizing an appellate court to dismiss an appeal where an appellant fails to comply with a notice from the clerk requiring a response or other action within a specified time). We dismiss the appeal. Tex. R. App. P. 26.1, 42.3(a) and (c), 43.2(f).

GINA M. PALAFOX, Justice

May 29, 2024

Before Palafox, J., Soto, J., and Barajas, C.J. (Ret.)
Barajas, C.J. (Ret.) (Sitting by Assignment)